# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY BUSH, Individually and as Daughter, Next Friend and Trustee of Genevieve Bush** | : : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **JUDGE KATHERINE B. L. PLATT** | : | **No. 19-4414** |

**MEMORANDUM**

**Savage, J.**                                                                                                 **November 18, 2019**

Petitioner Mary Bush seeks a writ of habeas corpus under 28 U.S.C. § 2241 on behalf of herself and her elderly mother, Genevieve Bush. The petitioner contends that Judge Katherine B.L. Platt has personally harassed and targeted her for the last ten years and has allowed Genevieve to suffer neglect and abuse at her nursing facility. The petitioner seeks to end her harassment and terminate her mother's guardianship arrangement.

Because the petitioner is not in custody, she is not entitled to habeas relief. The petitioner, as a non-attorney, cannot proceed with this action on behalf of Genevieve. The defendant is also protected by judicial immunity. Therefore, we shall deny the petition.

## Background

According to the petition, Genevieve Bush is an elderly resident of a nursing facility.[1] She is incapacitated and unable to act on her own behalf.[2] Judge Katherine B.L. Platt of the Pennsylvania Court of Common Pleas for Chester County appointed a

---

[1] Pet. for Habeas Corpus at 6 (ECF No. 1).

[2] *Id.* at 11.

1

guardian for Genevieve.³ The petitioner contends that Judge Platt's guardianship decision has caused Genevieve to suffer neglect, abuse, and improper medical care and treatment.⁴ She claims the guardianship is "fraudulent" and "was created and used by Judge Katherine B L Platt in great conflict to bring in revenue to her county and pay attached court allies tens of thousands of dollars."⁵

The petitioner alleges that Judge Platt's actions have prevented her from seeing her mother or having any relationship with her since 2016.⁶ She claims that she is only able to visit her mother once a month for an hour at the "Chester County Pa government building with an Adult Protective Services supervisor and with a deputy with a gun."⁷ She contends that Judge Platt has "maliciously incit[ed] public hatred towards Petitioner that has resulted in physical attacks, injury, further identity thefts, financial destitution, and irreparable harm."⁸ She claims that Judge Platt has harassed her through "sanctions," "unlawful taking of property," and "threat of more legal sanctions."⁹ She alleges she was the victim of "a ten-year targeting by court officials and their allies" in retaliation for her attempts to obtain justice for her mother.¹⁰ She argues that Judge Platt acted "beyond the

---

³ *Id.* at 13.

⁴ *Id.* at 3.

⁵ *Id.* at 23.

⁶ *Id.* at 18.

⁷ *Id.* at 3.

⁸ *Id.* at 4.

⁹ *Id.*

¹⁰ *Id.* at 44.

course and scope of her employment and jurisdiction," "outside and under the color of state and federal law," and "in and out of court."[11]

The petitioner seeks a writ of habeas corpus for herself and her mother to "free" them from "this travesty of a fraudulent guardianship."[12] Specifically, the petitioner seeks immediate relief for herself from Judge Platt's "unlawful ongoing detention, obstructions, targeting, [and] personal attacks."[13] She seeks immediate relief for her mother from her "unlawful isolation and confinement."[14]

## Subject Matter Jurisdiction

To be eligible for a writ of habeas corpus under 28 U.S.C. § 2241, a petitioner must be "in custody." *Jones v. Cunningham*, 371 U.S. 374-75 (1963). The "custody requirement is jurisdictional." *Gutierrez v. Gonzales*, 125 F. App'x. 406, 412 (3d Cir. 2005) (per curiam) (citing *Maleng v. Cook*, 490 U.S. 488, 490 (1989)). *See also United States ex rel. Dessus v. Pennsylvania*, 452 F.2d 557, 560 (3d Cir. 1971) ("[C]ustody is the passport to federal habeas corpus jurisdiction."). However, "the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody." *Jones*, 371 U.S. at 375. "History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." *Id.* at 376.

---

[11] *Id.* at 13, 43.

[12] *Id.* at 44.

[13] *Id.* at 5.

[14] *Id.*

3

The petitioner does not allege that she is in the defendant's custody, making her eligible for habeas relief. She does not cite any of the grounds for § 2241. She does not claim she is serving any aspect of a sentence, such as incarceration, probation, or parole. Nor does she claim she has been charged with a crime and is awaiting trial. While the petitioner mentions an "ongoing detention" and "imprisonment" in reference to herself and her mother,[15] there are no allegations suggesting that the petitioner's liberty is being restrained in any way. Her allegations of harassment and targeted attacks do not qualify as being "in custody." *See Caterbone v. United States President Donald Trump*, No. CV 17-4000, 2017 WL 4404307, at *5 (E.D. Pa. Oct. 4, 2017) (quoting *Jones*, 371 U.S. at 376) (dismissing § 2241 petition without prejudice where petitioner alleged government agencies restricted his movement through harassment, mind control, and surveillance because "the purported restraints are not the types of restraints that have 'been thought sufficient in the English-speaking world to support the issuance of habeas corpus'"). Therefore, we lack subject matter jurisdiction to consider the petition as to Mary Bush.

### "Next Friend" Standing

The petitioner purports to bring this petition on her mother's behalf under "next friend" status. "A 'next friend' is one who pursues an action on behalf of the real party in interest, when that person cannot appear on her own behalf for some legitimately recognized reason 'such as inaccessibility, mental incompetence, or other disability.'" *Bush v. Goodall*, 732 F. App'x 135, 137 (3d Cir. 2018) (per curiam) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "Next friend" standing is proper where the "next friend" has a significant relationship with the real party in interest and is "'truly dedicated

---

[15] *See, e.g., id.*

to the best interests of the person on whose behalf [s]he seeks to litigate.'" *Id.* (quoting *Whitmore*, 495 U.S. at 163-4 (citations omitted)).

Although the petitioner may have a significant relationship with her mother and may be dedicated to her best interests, she cannot proceed with this action on her mother's behalf. Genevieve's court-appointed guardian is the proper person to sue or defend on her behalf. Fed. R. Civ. P. 17(c)(1). The petitioner is not Genevieve's court-appointed guardian. Nor is the petitioner an attorney, and "it is not in the interest of elderly incapacitated persons that they be represented by non-attorneys." *Bush*, 732 F. App'x at 138. The petitioner, with an attorney, may represent Genevieve if she is duly appointed as her guardian or representative by the state court.

## Judicial Immunity

Even if the petitioner established federal subject matter jurisdiction and "next friend" standing, we must dismiss the petition because Judge Platt is protected by judicial immunity. Judges enjoy absolute immunity for judicial acts performed in cases over which they have jurisdiction. *Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 768–69 (3d Cir. 2000); *Feingold v. Hill,* 521 A.2d 33, 36–37 (Pa. Super. Ct. 1987). Even legal or factual error, personal malice, or the performance of an act in excess of jurisdiction will not remove the cloak of judicial immunity. *Gallas,* 211 F.3d at 769; *Feingold,* 521 A.2d at 36.

Only when a judge performs a non-judicial act or acts in a "clear absence of all jurisdiction" is the protection of judicial immunity lost. *Gallas,* 211 F.3d at 769 (citations omitted); *Feingold,* 521 A.2d at 36. Evaluating whether a judge has acted in the clear absence of all jurisdiction focuses on the nature of the act and the expectations of the parties. *Stump v. Sparkman,* 435 U.S. 349, 362 (1978). Judicial acts are distinguished

5

from mere administrative acts. *Gallas,* 211 F.3d at 769–70 (citing *Forrester v. White,* 484 U.S. 219, 227 (1988)).

The petitioner has not alleged any facts showing that Judge Platt either performed a non-judicial act or acted without jurisdiction. Judge Platt's appointment of a guardian for Genevieve was a judicial act. While the petitioner claims Judge Platt acted outside of court, beyond the scope of her jurisdiction, she alleges no facts describing these actions. Rather, all of the actions the petitioner alleges in her complaint appear to have occurred during judicial proceedings. Furthermore, Judge Platt had the authority to issue the guardianship order and was engaged in normal court business in her judicial capacity when she issued it. *Stump,* 435 U.S. at 362-63; *Feingold,* 521 A.2d at 37. Consequently, she had jurisdiction. *See Pierson v. Ray,* 386 U.S. 547, 553-54 (1967). Therefore, Judge Platt is immune from suit.

## Conclusion

The petitioner alleges no facts demonstrating that she meets the "in custody" requirement of § 2241. She similarly cannot satisfy the requirements for "next friend" standing to bring a § 2241 petition on behalf of her incapacitated mother. Even if the petitioner could satisfy these requirements, the defendant is immune from suit. Therefore, we shall dismiss the petition for a writ of habeas corpus.